(Reap. Dec. 10857)

SIBLEY LINDSAY & CURR CO., INC. *v.* UNITED STATES

Entry No. 685, etc.

(Decided November 18, 1964)

*Jerry J. Gambino* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED by the undersigned, subject to the approval of the Court, that the merchandise, consisting of cashmere outerwear, manufactured by firms shown in Schedule "A" attached hereto and made a part hereof, involved in the reappraisement appeals listed in said Schedule "A" is such or similar, and the issues are in all material respects the same as the merchandise and issues in Charles Stockheimer, et al. v. United States, etc., 44 C.C.P.A.

(Customs) 92, C.A.D. 642, and that the record therein may be incorporated herein.

That there was no foreign value, export value, or United States value, as defined in Section 402 (c), (d), and (e) of the Tariff Act of 1930, as amended, for the involved merchandise at the time of exportation thereof.

That the cost of production, as defined in Section 402(f) of said Act, is the proper basis for appraisement of the involved merchandise, and that such cost of production for each of the item numbers or other description shown on the invoices involved in each of the appeals listed in said Schedule "A" is as stated in said Schedule "A" attached hereto and made a part of this stipulation, for the merchandise exported during the specified periods.

That the appeals are abandoned as to all merchandise on the invoices involved in said Schedule "A" for which no value is shown in Schedule "A".

That the appeals listed in said Schedule "A" are submitted for decision upon this stipulation.

On the agreed facts, I find and hold cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved and that such value for each of the item numbers or other description shown on the invoices involved in each of the appeals, listed in said schedule "A," during the periods specified therein, is as stated in said schedule "A," attached hereto and made a part of this decision.

As to all other merchandise, for which no values are shown in said schedule "A," the appeals are dismissed.

Judgment will issue accordingly.